Jeffrey H. Ochrach [SBN 131027]
**LAW OFFICES OF JEFFREY H. OCHRACH**
3001 Douglas Boulevard, Suite 220
Roseville, California  95661
Telephone:    916-784-1200
Facsimile:      916-784-7099
JeffOchrach@ochrach.com

Attorney for Plaintiff

**FILED**

MAY  7 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| GRAFIL, INC. | Civil No. 2:10-CV-00904-JAM-DAD |
| Plaintiff, | [PROPOSED] *Jan* ORDER GRANTING PRELIMINARY INJUNCTION |
| vs. | |
| GENERAL PLASTICS CORPORATION, | |
| Defendant. | Assigned to Judge John A. Mendez |

Plaintiff's motion for a preliminary injunction came on for hearing on May 7, 2010 at 10:30 a.m. in Courtroom 6 before the Honorable John A. Mendez, judge presiding.  Jeffrey H. Ochrach, Esq. appeared on behalf of Plaintiff Grafil, Inc.  David S. Bloch Esq. appeared on behalf of Defendant General Plastics Corporation.  This Court, having considered the papers and arguments submitted in connection with and in opposition to Plaintiff's motion for a preliminary injunction, and good cause appearing therefor, finds as follows:

Plaintiff has presented evidence that Defendant breached its contract to sell and deliver 13,200 gallons of General Plastics Corporation's Genton 310 at a price of $23.30 per gallon.  The contract is evidenced by Plaintiff's Purchase Order No. 26174-A and Defendant's Invoice No. 7111.  The evidence before the court indicates a high probability of success on the merits in establishing Plaintiff's causes of action breach of contract.  California Commercial Code section 2716 gives Plaintiff the right to an order of specific performance in such circumstances.

1

2   Plaintiff has also provided substantial evidence that it is suffering, and will continue to
3   suffer, irreparable harm absent a preliminary injunction. Plaintiff's evidence shows that Genton
4   310 is unique and, at least for a period of six months, irreplaceable. Without a supply of Genton
5   310, Plaintiff is unable to manufacture a model of carbon fiber that generates approximately $3
6   million per year in revenues and will not be able to meet its obligations to existing customers.
7   Moreover, Grafil's customers will also suffer irreparable harm if Grafil cannot supply its carbon
8   fiber, which said customers need to produce their own products.

9   The evidence supports a strong probability of success on the merits for Plaintiff. In
10  addition, Plaintiff's evidence establishes that it will suffer serious irreparable injury absent a
11  preliminary injunction. In contrast, compliance with the preliminary injunction will only move
12  Defendants back toward the *status quo ante* the occurrence of the events that gave rise to this
13  motion. Given these considerations, the balance of equities favors granting the motion.

14  IT IS HEREBY ORDERED THAT:

15  The Motion For Preliminary injunction is GRANTED as follows:

16  Defendants are Ordered to resume selling and delivering General Plastics Corporation's
17  Genton 310 according to the quantities, delivery schedule, price and other terms set forth in
18  Grafil's Purchase Order No. 26174-A.

19  This Court has considered whether Plaintiff will be ordered to post a bond pursuant to
20  Local Rule 65.1-151 and 65-231 and concludes no bond is required [or the amount of the bond
21  shall be $_____].

22  IT IS SO ORDERED.

23

24  DATED: May 7, 2010

25

26

27  Judge, United States District Court,
    Eastern District of California

28

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION
Page 2